## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Michael A. Elliott and**
**Lazetta N. Elliott**
On Behalf of Themselves
and All Others Similarly Situated

      Hon.
      Mag.
    Plaintiff,      Case No. 16-cv-

v.      **PROPOSED CLASS ACTION**

**TILCHIN & HALL, P.C.**

    Defendant.

---

### COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff**, MICHAEL A. ELLIOTT and LAZETTA N. ELLIOTT** (hereinafter referred to as "Elliott" or "Plaintiff") by and through counsel, The Law Offices of Brian P. Parker, PC, and brings this action against the above listed Defendant**, TILCHIN & HALL, P.C.** ("Tilchin" or "Defendant") on the grounds set forth herein:

### I.  PRELIMINARY STATEMENT OF THE WRONGFUL SCHEME AND PLAN OF DEFENDANT TILCHIN

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq. demanding a trial by jury, brings this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their

attempts to collect a debt from the Plaintiff and other Michigan Resident Condo Owners and all without meaningful attorney involvement.

2.

Defendants are publicizing private, **Condo Lien debt** information as an announced debt collector beyond the requirements of the Michigan Condominium and Foreclosure Statute in violation of Federal regulations under the FDCPA. Every computer template and "Notice of Lien Foreclosure Sale" ("Foreclosure Notice" and "Lien Foreclosure Sale Notice") that Defendant Tilchin sends out advertising a debt collector is pursuing a Michigan homeowner whose debt is in default, with the homeowner's address and that their home is for sale while ignoring the homeowners' right to privacy and also the regulations and protections against harassment and abusive debt collection under the FDCPA and RCPA without meaningful attorney involvement. **See Exhibit 1 and the Notice Tilchin sends out to newspapers, the internet, Detroit Legal News and county offices regarding the Plaintiff's defaulted debt and the Defendant's attempt to collect on the debt**.

## II. PARTIES

3.

The Plaintiffs are natural persons and consumers and residents of Sterling Heights, Macomb County, State of Michigan, and a "consumer" as defined by the FDCPA and RCPA.

4.

The Defendant Tilchin is a debt collector organized as a Michigan Corporation in Northville, Wayne County, State of Michigan and is a debt collector of defaulted Condominium Association debt and liens and uses newspapers, internet, county buildings and mail to communicate the collection of consumer debts originally owed to others. Defendant is a debt collector under the FDCPA and regulated as a collection agency under the RCPA.

### III.  STATUES AND CASE LAW

**5**.

In *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 464 (6th Cir. 2013), the Sixth

Circuit made clear that all foreclosure action is considered debt collection under the FDCPA.

The court stated that "if a purpose of an activity taken in relation to a debt is to 'obtain payment'

of the debt, the activity is properly considered debt collection." Id. at 460. *Phillip Himmelein v*

*Federal Home Loan Mortgage Corporation, Tilchin Law P.C. FKA Tilchin & Tilchin, P.C. and*

*Roger A. Smith*, File No. 1:15-cv-00813 (December 31, 2015).

**6**.

Neither *Himmelein* or *Glazer* in the Sixth Circuit creates a carve out or exception for the

Notice of Mortgage Foreclosure Sale or Lien Foreclosure Sale Notice being anything but debt

collection and part of the foreclosure process.

**7**.

In fact, on November 10, 2016, a Court in the Western District of Michigan denied a

Defendant's Motion to dismiss in the same facts as here and found that "Defendant published the

notice of sale for the very purpose of obtaining payment on the underlying debt through

Michigan's foreclosure by advertisement statute, so it was a communication made in connection

with the collection of a debt." **Please see Exhibit 2, Gray v Trott & Trott, PC, Case #16-cv-**

**00237**.

**8**.

"First, the Court relied upon *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453 (6th Cir.

2013) to reach the conclusion that the notice of sale was a communication made for the purpose of

obtaining payment on the underlying debt." *Gray v Trott & Trott, P.C.* Case Number #16-00237

W.D.Mich. (January 19, 2016). **Please see Exhibit 3, Gray v Trott & Trott, PC, Case #16-cv-**

**00237**.


## THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

9.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

10.

"In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e, forcing a settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453. *See Goodrow v. Friedman & MacFadye*n, P.A., 788 F. Supp. 2d 464, 471 (E.D.Va. 2011) ("[A] debt collector must comply with the FDCPA while complying with a state foreclosure law."); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 (2d Cir. 1998). "It is the provisions of the FDCPA that by and of themselves determine what debt collection activities are improper under federal law." *Romea* at 119.

11.

Under Michigan's Condominium Foreclosure Statute at MCL 559.208 mirroring MCL 600.3212 by reference in the Condominium Act, every notice of foreclosure by advertisement shall include all the following:

(3) A foreclosure proceeding may not be commenced without recordation and service of notice of lien in accordance with the following:

(a) Notice of lien shall set forth all of the following:

(i) The legal description of the condominium unit or condominium units to which the lien attaches.

(ii) The name of the co-owner of record.

(iii) The amounts due the association of co-owners at the date of the notice, exclusive of interest, costs, attorney fees, and future assessments.

(b) The notice of lien shall be in recordable form, executed by an authorized representative of the association of co-owners and may contain other information that the association of co-owners considers appropriate.

(c) The notice of lien shall be recorded in the office of register of deeds in the county in which the condominium project is located and shall be served upon the delinquent co-owner by first-class mail, postage prepaid, addressed to the last known address of the co-owner at least 10 days in advance of commencement of the foreclosure proceeding.

(a) The names of the mortgagor, the original mortgagee, and the foreclosing assignee, if any.

(b) The date of the mortgage and the date the mortgage was recorded.

(c) The amount claimed to be due on the mortgage on the date of the notice.

(d) A description of the mortgaged premises that substantially conforms with the description contained in the mortgage.

(e) For a mortgage executed on or after January 1, 1965, the length of the redemption period as determined under section 3240.

(f) A statement that if the property is sold at a foreclosure sale under this chapter, under section 3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

12.

The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq* was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

13.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

14.

The FDCPA applies to lawyers like Tilchin regularly engage in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Schroyer v. Frankel*, 197 F.3d 1170, 1173-74 (6th Cir. 1999); *See also Kistner*, 518 F.3d 433 (the law firm's owner may also be individually liable).

15.

In *Heintz v. Jenkins,* the Supreme Court refused to defer to the FTC commentaries. *Heintz* addressed the FTC's purported exclusion from FDCPA coverage of attorneys engaged in "legal activities" as opposed to those engaged in "debt collection activities." Rejecting this exclusion, the Supreme Court noted that the commentaries themselves state that they are "not binding on the Commission or the public." *Heintz v. Jenkins*, 514 U.S. 291, 298 (1995).

16.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3). Plaintiff is a consumer.

17.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5). The condo lien debt here is a "debt" under the FDCPA.

18.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendant is a debt collector under the law and by its own admission in its Foreclosure Notice of Mortgagee Sale at **Exhibit 1 and 2**.

19.

Under 15 U.S.C. § 1692a (2), the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. Defendant Tilchin are communicating the Plaintiffs' debt information to the general public through the Notices at **Exhibit 1 and 2**. **Please see Exhibit 3, Gray v Trott & Trott, PC, Case #16-cv-00237**. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453. *Phillip Himmelein v Federal Home Loan Mortgage Corporation, Tilchin Law P.C. FKA Tilchin & Tilchin, P.C. and Roger A. Smith*, File No. 1:15-cv-00813 (December 31, 2015).

20.

The Defendants are debt collectors of defaulted condo liens engaged in the business of collecting of consumer debts originally owed to others. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

21.

Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692c(b):

(b) COMMUNICATION WITH THIRD PARTIES.  Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, ***a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector***.

22.

The FDCPA states at 15 U.S.C. § 1692d that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(**4**) The advertisement for sale of any debt to coerce payment of the debt.

23.

It is a violation of 15 U.S.C. § 1692d (4) for a debt collectors like Tilchin to advertise the sale of any debt to coerce payment of the debt. In violation of the FDCPA and as a debt collector, Tilchin is communicating to the world and the State of Michigan, the private names and defaulted, debt information in every Notice of Foreclosure Sale it publicizes in the Notice information not required by the Michigan Condominium or Mortgage Foreclosure Statute.

24.

By its express terms, § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." (Emphasis added). We have interpreted this to mean

that "any person who has been harmed by a proscribed debt collection practice under § **1692d** ...

[may] sue for damages under § 1692k(a)(2)(A)." *Montgomery v. Huntington Bank*, 346 F.3d 693,

697 (Court of Appeals, 6th Cir. 2003).

25.

Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. "A debt collector violates § 1692e, put simply, if the collection practice that he uses has

the tendency to confuse the least sophisticated consumer." *Gillie v. Law Office of Eric A. Jones,*

*LLC*, 785 F.3d 1091, 1106 (6th Cir. 2015) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d

324, 329 (6th Cir. 2006)), rev'd on other grounds sub nom. *Sheriff v. Gillie*, 136 S. Ct. 1594

(2016).

26.

When there is a conflict in the protections offered to a consumer in a Michigan Statute and

the Federal Statute, the FDCPA states that the debt collector must follow the Federal Statute when

it offers greater protections than the conflicting State Statute:

**§ 816.  Relation to State laws [15 USC 1692n]**
This title does not annul, alter, or affect, or exempt any person subject to the provisions of this
title from complying with the laws of any State with respect to debt collection practices, except
to the extent that those laws are inconsistent with any provision of this title, and then only to the
extent of the inconsistency. For purposes of this section, *a State law is not inconsistent with this*
*title if the protection such law affords any consumer is greater than the protection provided by*
*this title.*

27.

Article VI of the Constitution of the United States provides:

This Constitution, and the laws of the United States which shall be made in pursuance

thereof; and all treaties made, or which shall be made, under the authority of the United States,

shall be the supreme law of the land; and the judges in every state shall be bound thereby,

anything in the constitution or laws of any state to the contrary notwithstanding. U.S. Const. art.

VI, cl. 2.

28.

Under 15 U.S.C.§ 1692n, the FDCPA does not preempt state laws unless and only to the extent "those laws are inconsistent with any provisions of this subchapter." Importantly, a state law is not "inconsistent" with the FDCPA "if the protection such law affords any consumer is greater than the protection provided by this subchapter." Accordingly, only state laws which make it impossible to comply with both state and federal law (*Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142-43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963)), such as where state law requires conduct prohibited by federal law, are preempted.

29.

Where there is "conflict preemption," which is "where state law `stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" embodied by the federal law, *(Gade v. National Solid Wastes,* 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992)), `[t]he purpose of Congress is the ultimate touchstone.'" *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

30.

The FDCPA preempts state law only when those laws are "inconsistent with any provisions of this subchapter." "A State law is not inconsistent with [the FDCPA] if the protection such law affords any consumer is greater than the protection provided by this subchapter." See *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987).

## REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)

31.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state

agencies; and to provide penalties and civil fines.

32.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes. Defendants are third party debt collectors/agencies and attorneys seeking the payment of money for a creditor client based on original obligations between Plaintiff class members and the original obligors in the County of Genesee and the State of Michigan.

33.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of

claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim. Defendant Tilchin is operating in Macomb County and throughout the State of Michigan as "collection agencies" under the RCPA.

34.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium. Defendants are communicating with Michigan consumers through letters and Public Mortgage Lien Foreclosure Sale Notices.

35.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. Plaintiff is a consumer under the RCPA.

36.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

37.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant Tilchin is a regulated person under § 445.251(g)(xi),

38.

The MCPA's reference to "[a]n attorney handling claims and collections on behalf of a client and in the attorney's own name," Mich. Comp. Laws § 445.251(g)(xi), is better understood as encompassing *both* attorneys who handle claims and collections on behalf of a

client *and* attorneys who seek to collect a debt owed to themselves or their firms. *Misleh v. Timothy E. Baxter & Associates*, 786 F. Supp. 2d 1330 - Dist. Court, ED Michigan 2011.

39.

The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Elliott P.C.*, *No. 07-12016-BC*, *2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007* (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications... In light of the similarity between 15 U.S.C. § 1692e and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

40.

The Plaintiff, on behalf of himself and all others similarly situated, seeks ACTUAL DAMAGES, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court in a Class Action context, pursuant to the FDCPA and the RCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated requests that he and the class members be awarded:

a. Their Actual Damages suffered by the wrongful foreclosure notices and breach of privacy collecting and publicizing his lien foreclosure debt using **Exhibit 1 and 2**,

b. Injunctive Relief stopping Defendants from continuing their plan and scheme through Notices such as **Exhibit 1 and 2**,

c. Statutory damages and their attorney fees and costs under the FDCPA and RCPA.

**IV. JURISDICTION AND VENUE**

41.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

42.

The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

43.

Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced. There is nothing unique or novel about Plaintiff's state claims.

## V. FACTUAL ALLEGATIONS

44.

Defendant Tilchin advertises its firm as being legal experts in all aspects of condominium and association law including a speciality in real estate:

## Right Legal Advice for Your Condominium and HOA Issues

When you need legal advice and counseling for your condominium, HOA or Co-op trust that the legal experts of Tilchin & Hall, P.C. are here to help. We have an extensive background in these practice areas and can handle properties of any size.

Tilchin & Hall, P.C. has you covered on virtually all aspects of association law. We're proud to be one of the leading experts on FHA certification and re-certification with our fingers on the pulse of new and upcoming changes

## Experienced Attorneys

Tilchin & Hall, P.C., established in 1978, can handle multiple civil matters, including a specialty in real estate (including association law), business and estate planning.

Steven Hall, Adam Randall and Catherine Mills, our attorneys are involved in the day-to-day work of the legal practice.

45.

At the ***pre-publication stage***, Tilchin sends out a computer template letter to Michigan homeowners in an initial communication letter outlining their intent to collect upon the debt while also providing a Notice of Lien Foreclosure Sale of the Plaintiff class's home showing the date of foreclosure. **Please see Exhibit 1 as an example of the letter sent and foreclosure notice to the homeowners generally and Plaintiffs specifically that was sent for viewing by the public at the Macomb County Clerk and Register of Deeds office and public website**.

46.

The notice at **Exhibit 1** provides Plaintiff information that Tilchin is a debt collector, attempting to collect on a debt. The letter was accompanied by a Condominium Lien Pursuant to MCLA 559.208 that stated that Defendant was collecting a default condo debt even though the Statute does not require that notification be made to the public.

47.

Defendant Tilchin sent dunning letters at **Exhibit 1** as a debt collector as defined by 15 U.S.C. § 1692a (6). The Letter at **Exhibit 1** was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

48.

The next part of the foreclosure process after Tilchin sends out the initial dunning letters is the *publication* stage where Tilchin advertises the Notice of Lien Foreclosure Sale at **Exhibit 2**. This communication and Notice is placed in local newspapers, the internet, county buildings and the Detroit Legal News and made after the initial communication at **Exhibit 1** under Section 1692e (11) of the 'FDCPA.

49.

The public is informed that the Elliott family, owes a debt to a debt collector, the amount is publicized, the address of the home is publicized and the fact that the Plaintiffs have "defaulted on the payments of certain assessments" as evidenced by a lien on the property is publicized in violation of the FDCPA and beyond any requirements of the Michigan Foreclosure Statute. The Notice was placed in local newspapers, county buildings and the Detroit Legal News for publication from March 31, 2017 to April 28, 2017. **See Notices at Exhibit 1 and 2 that a Sheriff Sale of the Condo was to occur on May 5, 2017**.

50.

Further and in violation of Plaintiff and the Class Members right to privacy and rights under the FDCPA and RCPA, the Notice of Mortgage Foreclosure Sale and Plaintiffs' private debt information was placed in newspapers across the county of Macomb, in the Detroit Legal News, the internet and county buildings. **Please see Exhibit 1 and 2**.

51.

In the Lien Foreclosure Notice publicized in the press, county buildings and the Detroit Legal News, the Defendants publicize in large letters that, "THIS FRIM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED

WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE
NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY. NOTICE OF ASSESSMENT
LIEN FORECLOSURE SALE" Please see **Exhibit 1 and 2**.

52.

The language in **Exhibit 1 and Exhibit 2** is part of a computer generated, mass produced
letter and public notice sent to homeowners facing foreclosure by Tilchin with a threat by an
attorney law firm without any meaningful involvement by any attorney in violation of 15 U.S.C.
§§ 1692e (3) and 15 U.S.C. §§ 1692e (10).

53.

Homeowners like the Plaintiffs received Letters with attorney letter heads but are created
and signed by non-attorneys or collection representatives.

54.

Plaintiffs are informed and believe, and on that basis, allege, that the Defendants have a
policy and practice of sending consumers, such as Plaintiffs and Class Members, computer-
generated, mass-produced letters – in the form of the Tilchin letter at **Exhibit 1** and Public
Notices like **Exhibit 2**-- ***without any meaningful attorney review or involvement*** prior to the
mailing of those letters or posting of the Public Notice of Sale in violation of 15 U.S.C. §§ 1692e
(3).

55.

"Abuses by attorney debt collectors are more egregious than those of lay collectors
because a consumer reacts with far more duress to an attorney's improper threat of legal action
than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d
566, 570 (3d Cir. 1989). "A debt collection letter on an attorney's letterhead conveys authority
and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

56.

The Attorney Letterhead of Defendants is in the biggest print and font on the letter at

**Exhibit 1** and overshadowing the normal sized print of the communication to Plaintiff and states:

# TILCHIN & HALL PC
## ATTORNEYS & COUNSELORS

57.

With large letterhead, the letters and public notice imply a heightened severity with the

mention of law firms and attorneys so that the least sophisticated consumer would react with a

commensurate level of alarm and concern when receiving these debt collection communications.

"An unsophisticated consumer, getting a letter from an "attorney," knows the price of poker has

just gone up." *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996).

58.

If there was any meaningful involvement or oversight by an Attorney, **Exhibit 1 and 2**

would have followed the Michigan Foreclosure Statute, the FDCPA and the RCPA prior to

publicizing that Plaintiff is in Default on a condo debt and that Attorneys are seeking to sell the

Elliott's home to pay the underlying debt. Further, there would be an explanation as to the details

and makeup of the amount owed on the debt that is not mentioned in the letter at **Exhibit 1**.

59.

In *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), the Seventh Circuit held

that "[i]t is unfair to consumers under the FDCPA to hide the true character of the debt, thereby

impairing their ability to knowledgeably assess the validity of the debt." Id. at 566. One way to

comply with the FDCPA, the court of appeals suggested, would be to itemize the various charges

that comprise the total amount of the debt. Id. at 566; see also *Dougherty v. Wells Fargo Home

Loans, Inc.*, 425 F. Supp. 2d 599, 607 (E.D. Pa. 2006).

60.

Further, the Defendants' written communications in the form attached as **Exhibit 1 and Exhibit 2** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e, 1692e (3) and 1692e (10).

61.

There is no requirement under Michigan's Foreclosure Statute at MCLA 600.3212 or MCL 559.208 that the Foreclosure Notice must contain information that the debt is being collected by a debt collector or that any information obtained will be used for debt collection.

62.

In breach of the Elliott Family's right to privacy specifically and the class members right to privacy in general, the Notice at **Exhibit 2** provides information to the anyone reading it that Plaintiffs or any other class member is in Default of their Condo Association financial responsibilities and owe money to a debt collector (WRITTEN IN BOLD LETTERS).

63.

There is no requirement under Michigan's Foreclosure Statute at MCLA 600.3212 or MCL 559.208 that the notice must contain information about the homeowner or debtor being in default on their obligations.

64.

Contrary to the strict prohibitions of the FDCPA at 15 U.S.C. § 1692d, the Foreclosure Notice at **Exhibit 2** provides information to the public of the address of the homeowner that is in default of payments of certain assessments that are not required by Michigan Statute.

65.

Contrary to the strict prohibitions of the FDCPA at 15 U.S.C. § 1692e (6) and 15 USC

1692(a), the Foreclosure Notice at **Exhibit 2** breaches the Michigan homeowners' right to privacy and provides private defaulted debt information to the public in violation of 15 U.S.C. § 1692c(b), that Plaintiff is being pursued by a debt collector and that she is in default on a debt even though that is not required to be stated by Michigan Statute.

66.

There is no compelling or legal reason or Michigan Statue justification that requires the Tilchin defendant to publicize that the Elliott family is in default on a condo debt and that they are being pursued by an Attorney debt collector collecting upon a debt in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692c(b).

67.

Further, the private information that Tilchin is placing in public view is false, misleading and deceptive in that Tilchin is falsely representing that it is only providing the debt information to conform with the Michigan Foreclosure or Condominium Statute.

68.

Further, the Defendants' written communications in the form attached as **Exhibit 1 and 2** to homeowners throughout Michigan are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e, 1692e (3) and 1692e (10).

69.

As the Michigan Foreclosure Statute under MCLA 600.3212 or MCL 559.208 directly conflicts with the regulations of federal law, it is preempted by the protections codified under the FDCPA.

70.

Foreclosure activity under *Glazer* is considered debt collection for the purpose of obtaining payment through the advertised foreclosure sale. "Whether through reinstatement or less directly through foreclosure sale and recovery of the proceeds, "[t]here can be no serious doubt that the ultimate purpose of [this] foreclosure is the payment of money. *Glazer* at 463.

71.

Similar to the facts and law plead in this case, a Federal Court in Western Michigan has ruled on this issue stating that "Defendant published the notice of sale for the very purpose of obtaining payment on the underlying debt through Michigan's foreclosure by advertisement statute, so it was a communication made in connection with the collection of a debt." *Gray v Trott & Trott, P.C.* Case Number #16-00237 W.D. (November 10, 2016). **Please see Exhibit 5**.

72.

Defendant Tilchin knows it is collecting on a debt in **Exhibit 1**. Under 15 U.S.C. §§ 1692e (11), The mini Miranda is only required to be placed on "*subsequent communications that the communication is from a debt collector.*" Tilchin was aware that the publicizing of the Foreclosure Notice at **Exhibit 2** was debt collection as it followed 15 U.S.C. §§ 1692e (11) by placing the mini Miranda on the Foreclosure Notice: THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

73.

Plaintiffs are informed and believe, and on that basis allege that the Defendants have a policy and practice of publicizing to the world and the public in the State of Michigan, private debt collection information of homeowners in default of their condo lien debts without any regard to

Applicable Federal law and the homeowner's right not to have their debts published to third parties in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692c(b), 15 U.S.C. §§ 1692d (4), and 15 U.S.C. §§ 1692e (6).

74.

Plaintiff is informed and believes based upon the information from **Exhibit 1, 2** that Defendants operate a collection agency and a law firm collecting Condo Lien Debt under the FDCPA and RCPA. In pursuing Condo Lien debts through the newspapers, Detroit legal news and posting in public places, Defendants are advertising for sale the claims and homes of homeowners in Michigan to force payment on the underlying claim in violation of the RCPA and FDCPA. *Glazer v. Chase Home Finance LLC*, 704 F.3d 453.

75.

The threat of the Sherriff Sale is used by Defendant in its letters as a means to have the homeowners pay costs, charges and attorney fees to the Defendant that are not supported in law or by the Association agreement in violation of the FDCPA and RCPA

## VI. CLASS ACTION ALLEGATIONS

76.

Plaintiff realleges the above pleadings. The FDCPA Class consists of all persons that have received collection letters and Public Foreclosure Notices at Exhibit 1 and 2 without meaningful attorney involvement and Public Notices with their name and address, Condo debt and the amount of the Condo debt in default owed and published inside a Lien Foreclosure Notice of Sale (**Examples being Exhibit 2**) and published in newspapers, county buildings and the internet in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692c(b), 15 USC 1692e (6), 15 U.S.C. §§ 1692e(2)(A), (B) and 15 U.S.C. §§ 1692d (4) within a one year period prior to the filing of this lawsuit.

77.

With the FDCPA Class, there are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendant's conduct in connection with the Publicizing that a homeowner owes a Condo, the amount, their address and that a debt collector is involved in a Lien Foreclosure Sale violates the FDCPA.

78.

A FDCPA *sub class* would be all homeowners with a Michigan address that have paid a condo lien debt to Defendant Tilchin for excessive and increased collection attorney fees and costs BEFORE a Court has determined that "the association of co-owners, *if successful*, may recover the costs of the proceeding, other charges, and such reasonable attorney fees as maybe determined by the court to the extent authorized by the terms and provisions of the Condominium Documents."

79.

There are no individual questions here. All Michigan homeowners with defaulted debt are having their Condo Lien default placed out in the open for the world to see in violation of the FDCPA.

80.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained counsel experienced in litigating the FDCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

81.

The RCPA Class consists of all persons with a Michigan address that were pursued for a

Condo Lien debt by a collection agency and attorneys through collection letters without meaningful attorney (**Exhibit 1 and Exhibit 2**) involvement and who publicize the Michigan class homeowners defaulted condo debt in newspapers, in county buildings, the internet and in the Detroit Legal News (**Exhibit 2**) to sell the underlying debt in violation of MCLA 445.252(a), MCLA 445.252(e), MCLA 445.252(f), MCLA 445.252(d), MCLA 445.252(n), MCLA 445.252(m) and MCLA 445.252(q) during the six year period immediately preceding the filing of this complaint and the date of class certification.

82.

The RCPA *sub class* would be all homeowners with a Michigan address that have paid a condo lien debt to Defendant Tilchin for excessive and increased collection costs BEFORE the Court has determined that "the association of co-owners, *if successful*, may recover the costs of the proceeding, other charges, and such reasonable attorney fees as maybe determined by the court to the extent authorized by the terms and provisions of the Condominium Documents."

83.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in collection attempts publicize the mortgage debt default of Michigan homeowners in violation of the RCPA

84.

There are no individual questions, other than whether the RCPA class members received one of the offending letters or Public Lien Foreclosure Sale Notices (**Exhibit 1 and2**), which can be determined by a ministerial inspection of the records and collection notes of Defendants.

85.

Plaintiff will fairly and adequately protect the interests of the RCPA class. Plaintiff is

committed to vigorously litigating this matter. She is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained counsel experienced in litigating the RCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests, which might cause them to not vigorously pursue this claim.

86.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

87.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who sued by Defendants undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are small but illegal percentages of fees and costs. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

88.

Certification of each class is appropriate because:

(a)the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately assert and protect the interests of the class; and (e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the

convenient administration of justice.

89.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant questions are:

a.  Whether Defendants had a practice of publicizing the homeowner's private debt information while notifying the world the homeowners are in default and pursued by debt collectors.

b.  Whether Defendants wrote letters to Michigan homeowners without any meaningful attorney involvement.

c.  Whether Defendants publicized the private debt information of Michigan class members in newspapers, county buildings and the internet.

d.  Whether doing the above violated the FDCPA and RCPA.

90.

Certification of each class also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class.

91.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a)  The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b)  A class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

92.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

93.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

94.

Plaintiffs seek specific Actual and Statutory damages each member suffered and Declaratory and Injunctive Relief from the Court Ordering that this practice above of Defendant be stopped and that the collection practice of Defendants be Regulated to prevent Michigan residents being subject to illegal debt collection practices of Defendant Tilchin.

## VII. CLAIMS FOR RELIEF

RCPA CLASS ALLEGATIONS FOR ACTUAL DAMAGES AND INJUNCTIVE RELIEF

95.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a.    Defendants violated MCLA 445.252(a) by communicating with Plaintiff and class members in a deceptive manner using the stationery of an attorney to without meaningful attorney involvement to Plaintiff and class members with (*Exhibit 1 and 2*) as mentioned above; and

b.    Defendants violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (*Exhibit 1 and 2*) as mentioned above; and

c.      Defendants violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at ((*Exhibit 2*); and

d.      Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i)      The legal status of a legal action being taken or threatened.

(ii)     The legal rights of the creditor or debtor; and

e.      Defendants violated MCLA 445.252(d) by using forms that may otherwise induce the belief that they have judicial or official sanction is involved such as (*Exhibit 2*);.and

f.      Defendant violated MCLA 445.252(a) by communicating with a debtor in a misleading and deceptive manner with forms such as (*Exhibit 1 and 2)*; and

g.      Defendants violated MCLA 445.252(m) by bringing the private debt information of Michigan Residents into the public view through newspapers, county building and internet publication with *Exhibit 2*; and

h.      Defendants violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee with forms and practices involving (*Exhibit 1and 2*).

Wherefore, Plaintiff seeks judgment and INJUNCTIVE RELIEF against Defendants for:

a.      Actual damages based on the illegal interests and costs Defendants charged of each Plaintiff, pursuant to M.C.L. 445.257 ((1). Triple Actual damages if the Court finds Defendants' scheme and plan alleged above as willful non-compliance. M.C.L. 445.257(2); and

b.      Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1) to stop the plan and scheme of defendants as alleged above using (*Exhibit 1 and 2*); and

c.      Reasonable attorney's fees and court cost pursuant to M.C.L.445.257(2) with judicial sanction and Injunctive Relief.

FDCPA RECOVERY CLAIMS FOR RELIEF

96.

Defendants violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a.      Defendants violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a Condo Lien debt using the communications at (*Exhibit 1 and Exhibit 2)* without meaningful attorney involvement as stated above; and

b.      Defendants collected on the debt and violated 15 U.S.C. 1692d with conduct described above that harasses and abuses a homeowner in connection with collecting the Condo Lien debt through (*Exhibit 1and 2*) in publicizing private debt information with a threat of foreclosure; and

c.      The Defendants communicated to third parties and the world in publishing foreclosure sale notices with the Condo Lien debt amount, the homeowner's name and address and that she is in default through (*Exhibit 2*) in violation of 15 U.S.C. §1692c(b); and

d.      Defendants violated 15 USC 1692e (6) with the false representation or implication that the Notice of Foreclosure Sale in (*Exhibit 1and 2*) allows the debt collector to violate the FDCPA; and

e.      Defendants violated 15 U.S.C. 1692d (4) by publishing that the sale of the Condo Lien debt

to the world and the State of Michigan using (*Exhibit 2)* as mentioned above to secure payment of the excessive attorney fees and costs amount charged by Defendant Tilchin; and

f.     Defendants violated 15 U.S.C. 1692e(2)(A) and (B) though use of publishing that the sale of the Condo Lien debt to the world and the State of Michigan using <u>Exhibit 1 and Exhibit 2</u>.; and

g.     Defendants violated 15 U.S.C. 1692e (10) as mentioned above and by publishing that the sale of the mortgage debt to the world and the State of Michigan using (*Exhibit 2*) as mentioned above to secure payment of the amount charged by Defendant Tilchin and without meaningful, attorney involvement in <u>Exhibit 1 and 2</u>.

Wherefore, Plaintiff seeks judgment against Defendant for:

a.     Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b.     Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and

d.    Such further relief as the court deems just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

                                                Respectfully submitted,

April 6, 2017                                   s/Brian P. Parker
                                                BRIAN P. PARKER (P48617)
                                                Attorney for Plaintiff and Plaintiff Class Members